UNITED STATES of America, Plaintiff–Appellee,

v.

Billy E. CREECH, Defendant–Appellant.

No. 89–6199.

United States Court of Appeals, Tenth Circuit.

June 26, 1990.

Ted A. Richardson, Asst. U.S. Atty., (Timothy D. Leonard, U.S. Atty., with him on the brief) Oklahoma City, Okl., for plaintiff-appellee.

William P. Earley (Rand C. Eddy with him on the brief), Asst. Public Defenders, Oklahoma City, Okl., for defendant-appellant.

Before McKAY, SEYMOUR and MOORE, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Billy E. Creech appeals from a sentence in which the district court adjusted upward upon a finding that the intended victim of his criminal act was "vulnerable" within the meaning of Guideline § 3A1.1. Mr. Creech pled guilty to the offense of mailing a letter containing a threat to injure the addressee in violation of 18 U.S.C. § 876. The trial court made the adjustment because the addressee was selected from a list of newlywed persons, and the court concluded the victim was chosen because his recent nuptials made him particularly vulnerable. We conclude the addressee's status made the crime possible, but it did not confer upon the victim the degree of vulnerability for which § 3A1.1 permits an upward adjustment.

According to the presentence investigation report, Mr. Creech obtained from a local newspaper a list of recently married persons. From that list, Mr. Creech selected a victim to whom he sent a letter threatening to "torture your family members while you watch, or kill one in front of you" unless the victim periodically sent Mr. Creech a money order for $100. Additionally, the letter stated: "Failure to do this will end in bodily harm to your wife!" All told, the letter contained five different threats of murder or torture of the victim or members of his family.

In his computation of the offense level, the probation officer recommended a two level upward adjustment based upon the vulnerability of the victim. He stated: "The investigation reveals the defendant intentionally chose his victims from marriage and anniversary announcements listed in the Oklahoma City newspaper. The defendant also considered the victims' ages, then chose young, newly married couples to contact." Although defendant does not contest these facts, and they are the only facts in the record, he contends that they are not sufficient to warrant application of § 3A1.1.

Guideline § 3A1.1 states:

If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by two levels.

In this case, the district court heard no evidence *from the victim,* nor did the court otherwise hear any evidence regarding the *victim's* susceptibility to the crime. The court seemingly presumed that all newlywed persons would be vulnerable to threats against their spouses; therefore, the victim in this case was "particularly susceptible to the criminal conduct."

Whether the victim was "unusually vulnerable" is a question of fact subject to

review on the clearly erroneous standard. *United States v. Boult*, 905 F.2d 1137 (8th Cir.1990); *United States v. Mejia–Ordsco*, 868 F.2d 807 (5th Cir.1989). We believe the court's finding was clearly erroneous because it did not focus on the victim, but rather upon a class of persons to which the victim belonged. Assuming newlywed persons as a class are more prone to comply with extortionate demands than those whose wedded bliss has endured the test of longevity, we do not believe their vulnerability is that which was foreseen or intended by the Commission.

To the contrary, the commentary appended to § 3A1.1 indicates the vulnerability must be "unusual." There is nothing in the record to suggest the concern a bridegroom has for his bride is more than that a husband longer in the tooth has for the light of his life. We may freely presume, at least as a generality, that most married persons would become agitated over a threat of harm directed to their spouses. Thus, in the absence of specific evidence to the contrary, such concern would not be "unusual" within the context of the guideline. A similar conclusion was reached by the Fifth Circuit in *United States v. Moree*, 897 F.2d 1329 (5th Cir.1990).

The *Moree* court stated, "[t]he vulnerability that triggers § 3A1.1 must be an 'unusual' vulnerability which is present in only some victims of that type of crime. Otherwise, the defendant's choice of a likely victim does not show the extra measure of criminal depravity which § 3A1.1 intends to more severely punish." *Id.* at 1335.

In *Moree*, the defendant focused on his victim because the victim's prior criminal behavior made consummation of the crime easier for the defendant. To the same extent, Mr. Creech's choice of newlywed victims made easier his extortionate effort. As the Fifth Circuit noted, the victim's "vulnerability made the attempted crime possible, but ... did not make [the victim] an unusually vulnerable victim." *Id.* at 1336.

It is logical to assume the intended victim of any premeditated offense will be selected because something in his or her persona or circumstances will make successful the intended criminal act. We must therefore assume the Commission adopted § 3A1.1 to enhance a defendant's punishment for an act of depravity. The Commission has underscored this purpose with the commentary to § 3A1.1 suggesting the adjustment be applied, "for example, in a fraud case where the defendant marketed an ineffective cancer cure or in a robbery where the defendant selected a handicapped victim." These examples certainly give rise to universally accepted notions of depraved behavior.

The commentary also notes that the adjustment should not apply "in a case where the defendant sold fraudulent securities by mail to the general public and one of the victims happened to be senile." Absent in this example is the degree of depravity that would exist if the defendant singled out the senile victim.

We agree with the Fifth Circuit that unless the criminal act is directed against the young, the aged, the handicapped, or unless the victim is chosen because of some unusual personal vulnerability, § 3A1.1 cannot be employed. Since none of these criteria exist in this case, the district court erred in imposing the enhancement. The sentence is REVERSED, and the case is REMANDED for resentencing.