**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Isaiah WILSON, Jr.,**
**Defendant–Appellant.**

**No. 89–5209.**

United States Court of Appeals,
Fourth Circuit.

Argued May 11, 1990.

Decided Sept. 4, 1990.

---

William Robert Shell, Wilmington, N.C., for defendant-appellant.

John Stuart Bruce, Asst. U.S. Atty., Raleigh, N.C., argued (Margaret Person Currin, U.S. Atty., Richard H. Moore, Asst. U.S. Atty., Raleigh, N.C., Sidney Glazer, Acting Chief, Crim. Div., U.S. Dept. of Justice, Washington, D.C., on brief) for plaintiff-appellee.

Before WILKINSON and WILKINS, Circuit Judges, and BULLOCK, United States District Judge for the Middle District of North Carolina, sitting by designation.

WILKINSON, Circuit Judge:

Isaiah Wilson, Jr., was convicted after a jury trial in the United States District Court for the Eastern District of North Carolina on seven counts of mail fraud, in violation of 18 U.S.C. § 1341. He was sentenced to a prison term of thirty-seven months. Wilson challenges his sentence arguing that the district court erred in its application of the Sentencing Guidelines. First, he contends that the district court improperly made an upward adjustment in his Guidelines base offense level on the ground that his crime was perpetrated against a "vulnerable victim." Second, he argues that the district court erred in departing upward from the recommended Guidelines sentence based on its finding that his criminal history score in the presentence report did not adequately reflect his criminal history. Finding merit in the first, but not the second, of Wilson's contentions, we affirm in part and reverse in part the judgment of the district court.

## I.

In early 1988, five residents of the Raleigh, North Carolina, area received letters soliciting funds for victims of a tornado that had recently struck the area. The letters requested that cash donations be sent to a post office address, and were signed by a "Rev. Williams." None of the recipients of the letters gave donations. Instead, suspicious whether the letters were part of a legitimate effort to aid the tornado victims, they reported the letters to the postal authorities.

Isaiah Wilson had rented the post office box to which the letters directed the donations be sent. In addition, a handwriting expert identified the handwriting on the letters as Wilson's. Wilson also admitted that he had helped prepare and mail the letters.

On January 10, 1989, Wilson was indicted on seven counts of mail fraud, in violation of 18 U.S.C. § 1341. A jury convicted him on all seven counts, and the district court sentenced him to thirty-seven months imprisonment. In arriving at this sentence, the court adjusted Wilson's base offense level upward two levels on the ground that the recipients of the letters were "vulnerable victims" within the meaning of Sentencing Guidelines § 3A1.1. The court then departed from the recommended guideline sentence on the ground that Wilson's criminal history score in his presentence report did not adequately reflect his criminal history.

Wilson appeals.

## II.

Section 3A1.1 of the United States Sentencing Commission Guidelines directs that a defendant's base offense level is to be increased two levels "[i]f the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct." The Application Note to § 3A1.1 provides examples of conduct warranting an upward adjustment. It specifies that an upward adjustment would be appropriate "in a fraud case where the defendant marketed an ineffective cancer cure or in a robbery where the defendant selected a handicapped victim," but not "where the defendant sold fraudulent securities by mail to the general

public and one of the victims happened to be senile." U.S.S.G. § 3A1.1, comment. (n.1).

■ Here, the government contends that the district court acted correctly in making the upward adjustment under § 3A1.1 because the recipients of the fraudulent letters sent by Wilson were vulnerable victims. The government argues that because the tornado had recently damaged Raleigh, each person in the city was a vulnerable victim for purposes of a fraudulent solicitation for funds to aid area tornado victims.

We disagree. Wilson mailed the solicitation letters at random to post office boxes in the Raleigh area. He knew nothing about the recipients of the letters other than that they were residents of Raleigh, a city that a tornado had recently damaged. We do not think that the fact that Raleigh had been struck by a tornado qualifies every person in the Raleigh area as a vulnerable victim. "The vulnerability that triggers § 3A1.1 must be an 'unusual' vulnerability which is present in only some victims of that type of crime. Otherwise, the defendant's choice of a likely victim does not show the extra measure of criminal depravity which § 3A1.1 intends to more severely punish." *United States v. Moree*, 897 F.2d 1329, 1335 (5th Cir.1990). That the persons targeted might be sympathetic to the causes for which funds were fraudulently solicited may have "made the crime possible, but it did not confer upon the victim the degree of vulnerability for which § 3A1.1 permits an upward adjustment." *United States v. Creech*, 913 F.2d 780 (10th Cir.1990).

Moreover, if we were to adopt the government's position, virtually every defendant convicted of a crime involving fraudulent solicitation would be subject to an upward adjustment under § 3A1.1. Those who engage in this criminal activity usually target their solicitations at those they think most likely to respond to the requests for money. We do not think, however, that the Sentencing Commission intended on that account to impose an upward adjustment on virtually all defendants convicted of fraudulent solicitation. For the foregoing reasons, we reverse the judgment of the district court with respect to the upward adjustment in Wilson's base offense level premised on § 3A1.1.

### III.

Section 4A1.1(c) of the Sentencing Guidelines provides that in calculating a defendant's criminal history category, a court should "[a]dd 1 point for each prior sentence [of less than sixty days duration], up to a total of 4 points for this item." The district court counted four points against Wilson, who had been convicted of fifty-five worthless check charges over the previous five years, and accordingly assigned him to criminal history category III. However, the court, believing that category III did not adequately reflect Wilson's past conduct, departed upward from the Guidelines sentencing range, increasing Wilson's criminal history category from III to IV. The court found authority for the upward departure in § 4A1.3 of the Guidelines which provides that "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range."

Wilson maintains that the district court erred in departing upward based on his past criminal conduct. He argues that § 4A1.1(c) reflects an affirmative intent on the part of the Sentencing Commission to limit the penalty for minor past criminal conduct to a total of four points. Thus, he contends, the district court improperly exceeded the ceiling placed by the Sentencing Commission on the use of minor prior convictions by departing upward and assigning him to a higher criminal history category.

■ We find no merit in Wilson's contention. Section 4A1.3 explicitly authorizes an upward departure from the otherwise applicable Guidelines range if a defendant's criminal history category does not ade-

quately reflect his past criminal conduct. The Guidelines thus plainly contemplate that a defendant's criminal history category might be increased from its original calculation. The limitation in § 4A1.1(c) on the number of points that may be counted for minor prior criminal convictions restricts the use of these convictions only in arriving at the original criminal history category; it does not restrict a district court's ability to consider these convictions in departing upward under § 4A1.3. *Cf. United States v. Lopez,* 871 F.2d 513, 515 (5th Cir.1989) (upholding an upward departure based on prior convictions not computed in the criminal history score because outside the applicable time period).

The district court in this case based its upward departure on Wilson's fifty-five convictions in the previous five years on worthless check charges. It also heard testimony from a state court magistrate who had presided over thirty to thirty-five of those convictions that Wilson had exhibited no remorse for his criminal actions and that he had attempted to manipulate the system by writing checks on a business account for which he did not feel he could be held personally liable. Under these circumstances, the district court was certainly justified in departing upward from the applicable Guidelines range in the manner it did. *See United States v. Summers,* 893 F.2d 63, 67–68 (4th Cir.1990).

### IV.

Wilson challenges his actual conviction on the ground that the district court erred in admitting a newspaper article from the *Raleigh News and Observer* describing the tornado that struck Raleigh, the damage done by the tornado, and the aid donated to the tornado's victims. Wilson contends that the newspaper article was irrelevant and unduly prejudicial. We find no "extraordinary circumstances" that would warrant reversing the district court's decision to admit this evidence. *United States v. Tindle,* 808 F.2d 319, 327 n. 6 (4th Cir.1986). The newspaper article demonstrated that the tornado had occurred and that donations were being sought to aid its victims, facts central to this case. There was nothing unduly prejudicial about the admission of this evidence.

### V.

Because under the facts of this case we do not think that the entire populace of the city of Raleigh can be considered "vulnerable victims" within the meaning of § 3A1.1 of the Sentencing Guidelines, we reverse the district court's upward adjustment of Wilson's base offense level. We affirm the district court's upward departure under § 4A1.3 of the Guidelines since Wilson's criminal history category did not adequately reflect his past criminal conduct. We also affirm Wilson's conviction itself. We vacate the sentence imposed and remand to the district court to impose a sentence consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.