956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Delbert CLARK, Defendant-Appellant.
 No. 91-2059.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1992.
 
 Before BALDOCK and BARRETT, Circuit Judges, and DAUGHERTY,* District Judge.
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Delbert Clark, while employed as a corrections officer at the Tohatchi Youth Detention Center in New Mexico, sexually assaulted a sixteen-year-old female inmate. He later pleaded guilty to one count of abusive sexual contact in violation of 18 U.S.C. §§ 1153 & 2244(a)(1). In calculating Defendant's guideline sentence, the district court imposed a two-level "vulnerable victim" upward adjustment, U.S.S.G. § 3A1.1, as well as a two-level "abuse of position of trust" upward adjustment, id. § 3B1.3. Defendant appeals the sentence, contending that (1) the district court erred in its fact findings supporting the "vulnerable victim" and "abuse of position of trust" adjustments, (2) the district court erred legally by imposing the adjustments cumulatively and (3) the district court erred in denying his request for downward departure.
 
 
 2
 U.S.S.G. § 3A1.1 provides for a two-level upward adjustment "[i]f the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct." Whether a victim is vulnerable is a question of fact, and we review the district court's finding for clear error. See 18 U.S.C. § 3742(e)(4); United States v. Creech, 913 F.2d 780, 781-82 (10th Cir.1990). Citing Creech, Defendant argues that the district court's finding is clearly erroneous because the court focused on the victim's class--detention center inmates--rather than specific characteristics of the victim. In Creech, the defendant had used threats of violence to extort young newlyweds. Id. at 781. We held that the district court erroneously focused on the class of the victim; however, this was clear error only because we deemed young newlyweds as a class no more vulnerable to extortion than other married couples. See id. at 782 ("There is nothing in the record to suggest the concern a bridegroom has for his bride is more than that a husband longer in the tooth has for the light of his life."). This case, on the other hand, involves a vulnerable class of victim. We cannot find clear error in the district court's determination that juvenile female detention center inmates are more vulnerable than the average sexual assault victim. Nor can we find clear error in the district court's determination that Defendant, given his position as a corrections officer, should have known of this vulnerability.[1]
 
 
 3
 U.S.S.G. § 3B1.3 provides for a two level increase "[i]f the defendant abused a position of public trust ... in a manner that significantly facilitated the commission or concealment of the offense...." Like the "vulnerable victim" adjustment, the "abuse of position of trust" determination is factual, and we review the district court's finding for clear error. See 18 U.S.C. § 3742(e)(4); United States v. Helton, No. 91-5805, 1992 WL 2425 at * 2 (4th Cir. Jan. 10, 1992); United States v. Ehrlich, 902 F.2d 327, 330 (5th Cir.1990), cert. denied, 111 S.Ct. 788 (1991). The district court imposed this adjustment because Defendant's status as a corrections officer in a youth detention center involved a position of public trust. That is, he was required to "ensure the safety of the detainees." IV R. at 4 (Presentence Report). Defendant argues that the record does not support a finding that his position "contributed in some substantial way to facilitating the crime [as opposed to merely providing] an opportunity that could as easily have been afforded to other persons." U.S.S.G. § 3B1.3, comment. (n. 1). We find ample support in the record for the district court's conclusion that Defendant's position of authority substantially contributed to his ability to assault his victim. In an analogous situation, we stated in dictum that a pedophilic baby-sitter's position of trust and authority over his victim "plainly fall[s] within the ambit of section 3B1.3 and its Application Note." United States v. Zamarripa, 905 F.2d 337, 340 (10th Cir.1990). On this point, we see little difference between the baby-sitter and the youth detention center corrections officer. The district court's finding is not clearly erroneous.[2]
 
 
 4
 Defendant next argues that the district court impermissibly double counted his conduct by imposing both the "vulnerable victim" and "abuse of position of trust" adjustments. We review this legal argument de novo. See 18 U.S.C. § 3742(e); United States v. Florentino, 922 F.2d 1443, 1445 (10th Cir.1990). However, we need not discuss the legal issues regarding double counting, see, e.g., United States v. Ransom, 942 F.2d 775 (10th Cir.1991), cert. denied, 60 U.S.L.W. 3479 (U.S. Jan. 13, 1992) (No. 91-6380), because double counting did not occur in this case. The Sentencing Commission designed these adjustments to deal with two separate acts of depravity: (1) preying on an unusually vulnerable victim, and (2) abusing a position of trust. According to the findings of the district court, Defendant committed both acts. That his position as a corrections officer may have contributed to the victim's vulnerability, see Defendant's Brief at 14, makes little difference, for the district court's finding of unusual vulnerability would stand even if he had not been a corrections officer.
 
 
 5
 Finally, Defendant argues that the district court erred in denying his motion to depart downward, but he has not demonstrated that the district court misapprehended its authority to depart downward. Without such a showing, we are without jurisdiction to review the district court's discretionary decision not to depart from the guidelines. See United States v. Lowden, 905 F.2d 1448, 1449 (10th Cir.), cert. denied, 111 S.Ct. 206 (1990). Therefore, we cannot consider Defendant's final argument.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Frederick A. Daugherty, Senior United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.
 
 
 [1]
 Defendant also argues that the adjustment should not apply because the guideline for abusive sexual contact, U.S.S.G. § 2A3.4, provides for increased offense levels if the victim is under the age of sixteen but no increase if the victim is sixteen or older. See § 2A3.4(b). Likewise, Defendant contends that he should not receive an upward adjustment because his victim was sixteen. The victim's age, however, was not the only cause of her vulnerability; she was also incarcerated
 
 
 [2]
 The guidelines commentary provides:
 The position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could as easily have been afforded to other persons. This adjustment, for example, would not apply to an embezzlement by an ordinary bank teller.
 U.S.S.G. § 3B1.3, comment. (n. 1).
 Defendant analogizes his position to that of the "ordinary bank teller," arguing that the opportunity to sexually assault his victim could as easily have been afforded to other detention center employees or visitors. Defendant's sexual assault on his ward is hardly comparable to a bank teller's embezzlement of funds. Even so, we cannot overturn the district court's finding that Defendant's position substantially contributed to the crime unless the "finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." United States v. Beaulieu, 893 F.2d 1177, 1182 (10th Cir.), cert. denied, 110 S.Ct. 3302 (1990). In this case we lack such a conviction.