972 F.2d 344
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jonathan Craig SONGER, Defendant-Appellant.
 No. 90-5517.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 26, 1992
Decided: August 19, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CR-90-4-A)
 Barry L. Proctor, Abingdon, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Julie M. Campbell, Assistant United States Attorney, Abingdon, Virginia, for Appellee.
 W.D.Va.
 Affirmed.
 Before RUSSELL, MURNAGHAN, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Following a jury trial, Jonathan Craig Songer was convicted of interstate transportation of a stolen vehicle and receipt or possession of a stolen vehicle, proscribed respectively by 18 U.S.C. §§ 2312 and 2313 (1988). Songer appeals, claiming ineffective assistance of counsel, introduction of inadmissible evidence, insufficient evidence to sustain his conviction, untimely receipt of his presentence report, and unreasonable upward departure from the sentencing guidelines. We find no merit to his claims; nor do we find any reversible error upon an independent review of the record. Accordingly, we affirm his convictions and sentence.
 
 I.
 
 2
 In July 1988, Jonathan Craig Songer took a black 1982 Ford Mustang from G & S Auto Sales in Bristol, Virginia for a thirty to fortyfive minute test drive. Later that month the car was stolen from the dealership lot. The next year the police found the Mustang in Songer's possession and he was convicted of violating 18 U.S.C. §§ 2312 and 2313 and sentenced to forty-five months in prison followed by three years of supervised release. After the trial, Songer's lawyer withdrew as his counsel and a new lawyer was appointed for his appeal. Finding no meritorious grounds for appeal, the new attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Songer also filed his own supplemental brief.
 
 II.
 A.Ineffective Assistance of Counsel
 
 3
 Songer asserts a number of reasons why both his trial lawyer and appellate lawyer were ineffective. However, ineffective assistance of counsel claims generally should not be addressed in a direct criminal appeal. See United States v. Lurz, 666 F.2d 69, 78 (4th Cir. 1981), cert. denied, 455 U.S. 1005, and 457 U.S. 1136, and 459 U.S. 843 (1988). Instead, such claims should be raised in a proceeding under 28 U.S.C. § 2255 (1988). Therefore, this claim will not be addressed in this direct appeal.
 
 
 4
 B.Admissibility of Songer's Written Post-Arrest Statement
 
 
 5
 After Songer was arrested, a Federal Bureau of Investigation agent and a Bristol, Virginia, police investigator met with Songer and advised him of his Miranda rights.[1] Songer then signed a written statement in which he said that he had a duplicate set of keys made while he was test driving the Mustang from G & S Auto Sales. Then he stated that he gave the duplicate keys to Ronald Hacker, who met Songer in Volga, West Virginia, with the car which Songer then drove to Ohio.
 
 
 6
 Songer asserts that this statement should not have been introduced into evidence because he did not voluntarily make it.[2] Songer claimed that he had been trying to cooperate with the police because he was concerned about his common law wife and son who he believed the police were detaining in a motel. Songer admitted that the police advised him about his constitutional rights and that he understood those rights.
 
 
 7
 The test for determining the voluntariness of a statement is whether, considering the totality of the circumstances, the police have overridden the will of the accused. Haynes v. Washington, 373 U.S. 503 (1963). Circumstances to consider in determining whether a confession was voluntary include the setting in which the confession was made, details of the interrogation itself, and the characteristics of the accused. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973); United States v. Pelton, 835 F.2d 1067 (4th Cir. 1987), cert. denied, 486 U.S. 1010 (1988). Psychological coercion can render a confession involuntary. Arizona v. Fulminante, 59 U.S.L.W. 4235, 4237 (U.S. 1991); Blackburn v. Alabama, 361 U.S. 199, 206 (1960).
 
 
 8
 We find no evidence of coercion in this case. Songer admits being advised of and understanding his constitutional rights. Although Songer claims he gave the police a statement because they told him they would release his family, there is no corroborating evidence or even evidence that his family was ever detained. Accordingly, the district court did not err in admitting the statement.
 
 C.Sufficiency of the Evidence
 
 9
 Songer asserts that the evidence in this case was not sufficient to support his conviction. In determining whether evidence is sufficient to support a criminal defendant's conviction, an appellate court must view the evidence and all reasonable inferences in the light most favorable to the government. United States v. Tresvant, 677 F.2d 1018 (4th Cir. 1982). In this case, there was ample evidence to support Songer's conviction.
 
 
 10
 The evidence showed that a black 1982 Mustang was stolen from G & S Auto Sales a month after Songer had taken it for a test drive and that a year later a black 1982 Mustang with the same identification number as the stolen car was found at Songer's mother's house. Songer's mother testified that her son drove the car and had parked it in front of her house. Songer himself voluntarily signed a statement in the presence of law enforcement officers in which he declared that he had made duplicate keys when he took the Mustang for a test drive and that he gave the keys to Ron Hacker who stole the car and then met Songer in Volga, West Virginia, where Songer took possession of the car. Songer's claim that this evidence fails to provide sufficient evidence to convict him is without merit.
 
 D.Untimely Receipt of Presentence Report
 
 11
 Songer stated at the beginning of sentencing that he had received his presentence report only five minutes before the proceeding began. He then stated, however, that he had no objection to proceeding with sentencing and noted at length his objections to the presentence report. We find on this record that Songer waived any objection to untimely receipt of the report.
 
 
 12
 E.Upward Departure from Sentencing Guidelines
 
 
 13
 Songer claims that his forty-five month sentence should be reduced because it exceeds the sentence range provided by the federal sentencing guidelines. The trial court determined that Songer had a total offense level of eleven and a criminal history category of six, so under the guidelines Songer could have received a sentence ranging from twenty-seven to thirty-three months in prison. Because of Songer's long criminal history, the court concluded that this sentence was too short and instead sentenced Songer under the statute to fortyfive months in prison followed by three years of supervised release.
 
 
 14
 On appeal, an appellate court reviews the reasonableness of the departure. 18 U.S.C. § 3742(e) (1988). This Court uses three levels of review to determine whether departure from the guidelines sentencing range is reasonable:
 
 
 15
 1.A district court's determination that the guidelines fail to take into account a relevant factor is reviewed de novo.
 
 
 16
 2.A district court's determination that such a factor exists in a particular case is reviewed under the clearly erroneous standard.
 
 
 17
 3.A district court's determination that the factor warrants departure and the extent of that departure are reviewed under the abuse of discretion standard.
 
 
 18
 See United States v. Summers, 893 F.2d 63, 66-67 (4th Cir. 1990).
 
 
 19
 Here, the district court determined that the guidelines did not adequately take into account Songer's "excessive criminal history." Under section 4A1.3 of the sentencing guidelines, the district court may depart from the applicable sentencing range when the criminal history category does not adequately reflect the seriousness of the defendant's criminal history or where it is likely that the defendant will commit more crimes. United States Sentencing Commission, Guidelines Manual, § 4A1.3, p.s. (Nov. 1989); United States v. Wilson, 913 F.2d 136, 138-39 (4th Cir. 1990). Thus, the court correctly identified Songer's excessive criminal history as a basis for departure.
 
 
 20
 The district judge observed that Songer had little likelihood of reforming, because since 1973 he has engaged in a criminal pattern in which he commits a crime, is sent to jail, and, as soon as he is released, he commits more crimes. Moreover, the court noted that the way Songer stole the Mustang in this case, making key duplicates when he test drove it and then later stealing the car using the duplicate keys, was the same method he used in many of his past crimes. Thus, the district court's finding that Songer had an excessive criminal record justifying departure from the guidelines was not clearly erroneous.
 
 
 21
 In determining the extent of departure, the district court followed the method suggested by section 4A1.3, projecting what the sentence range would be if the guidelines fully accounted for Songer's criminal history. We find no abuse of discretion in the district court's determination that departure was warranted or in the extent of that departure.
 
 III.
 
 22
 We find Songer's appeal without merit. Direct appeal is not the proper vehicle for litigating his ineffective assistance claims. The district court did not err by allowing Songer's post-arrest statement into evidence because Songer voluntarily signed the statement. The evidence presented in the case was sufficient to support Songer's convictions. Songer waived any objection to untimely receipt of his presentence report. The district court's decision to depart from the sentencing guidelines range and impose a longer sentence was reasonable. In accordance with the requirements of Anders, we have examined the entire record and find no reversible error.
 
 
 23
 Accordingly, we affirm Songer's convictions and sentence.[3] Pursuant to the plan adopted by the Fourth Circuit Judicial Council in Implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1988), this Court requires that counsel inform his client in writing of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 In federal trials, a defendant is entitled to a hearing outside the jury's presence on the voluntariness of his confession before that confession may be introduced. 18 U.S.C. § 3501 (1988). The defendant must object to the introduction of the confession before the right to a hearing is triggered and generally he waives the right by failing to request a hearing. United States v. Wilson, 895 F.2d 168, 171-72 (4th Cir. 1990). By failing to request a hearing on the voluntariness of his confession, Songer waived the right to such a hearing
 
 
 [3]
 We deny Songer's motion for bail pending appeal