21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin ROGERS, Defendant-Appellant.
 No. 93-5521.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 22, 1994.
Decided April 8, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-92-259).
 James W. Swindell, High Point, NC, for appellant.
 Benjamin H. White, Jr., U.S. Atty., Lisa B. Boggs, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Melvin Rogers appeals his sentence for interference with commerce by robbery in violation of 18 U.S.C. Sec. 1951 (1988), and carrying and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1993). Rogers's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), contending that the district judge incorrectly enhanced Rogers's criminal history and imposed an upward departure of the sentencing guidelines from thirty-seven to forty-six months to forty-six to fifty-seven months, but asserting that there are no meritorious issues for appeal. Rogers was notified of his right to file a supplemental informal brief, but has not done so. In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issue for appeal.
 
 
 2
 Pursuant to a plea agreement, Rogers pled guilty to two counts of a six-count indictment. The remaining counts were dismissed. The court conducted a plea hearing in compliance with Fed.R.Crim.P. 11; the parties stipulated to the factual basis for the charges, and the plea was informed and voluntary. Pursuant to the United States Sentencing Commission, Guidelines Manual, Sec. 4A1.3 (Nov.1992), the district court departed upward from the guideline range recommended by the probation officer on the basis that Rogers's criminal history calculation did not adequately reflect his past criminal conduct. See United States v. Wilson, 913 F.2d 136, 138-39 (4th Cir.1990).
 
 
 3
 We find that the district court's departure was reasonable, 18 U.S.C. Sec. 3742(e) (1988), and that the court did not abuse its discretion in relying on information in the presentence report. See United States v. Terry, 916 F.2d 157, 160 (4th Cir.1990). We therefore affirm the sentence imposed by the district court.
 
 
 4
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. See Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1993). If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari and take such steps as are necessary to protect the rights of his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.