**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5712

JAMES EDGAR BURKE,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5713

JAMES EDGAR BURKE,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Florence.
William B. Traxler, Jr., District Judge.
(CR-94-372, CR-94-503)

Submitted: February 13, 1997

Decided: February 27, 1997

Before WIDENER and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Edgar Burke, Appellant Pro Se. Alfred William Walker Bethea, Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Burke, who pled guilty to wire fraud[1] and bribing a prison guard to allow him to escape,[2] appeals the district court's refusal to allow him to withdraw his guilty plea, and the court's upward departure from the federal sentencing guidelines. After a review of the record, we find that the district court did not abuse its discretion in denying Burke's motion to withdraw his guilty plea, and that the court properly applied the sentencing guidelines. Therefore, we affirm Burke's convictions and sentence.

First, Burke claims that the district court erred by refusing to grant his motion to withdraw his guilty plea. Withdrawal of a guilty plea is not a matter of right.[3] Rule 32(e) of the Federal Rules of Criminal Procedure provides that a court may permit withdrawal of a guilty plea if the motion is made before sentencing and if the defendant establishes any "fair and just" reason for withdrawal of the plea. Burke has the burden of showing a "fair and just" reason for the withdrawal, even if the government would not be prejudiced by the action.[4]

_____

[1] 18 U.S.C. § 1343 (1994).
[2] 18 U.S.C. § 201(b) (1994).
[3] United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

[4] FED. R. CRIM . P. 32(e); Moore, 931 F.2d at 248.

2

We review a motion to withdraw a plea under an abuse of discretion standard.**5**

Burke contends that he should have been allowed to withdraw his guilty plea because the government did not move under U.S. SENTENCING GUIDELINES MANUAL § 5K1.1 (1995), for a downward departure based on Burke's alleged substantial assistance. However, Burke fails to meet his burden because Burke's right to a U.S.S.G. § 5K1.1 motion was contingent upon him actually providing substantial assistance. Testimony at sentencing established that Burke's information was of a general nature and could not be used in the investigation and prosecution of other individuals. Because the district court found that Burke did not provide substantial assistance, we cannot say that refusing to allow Burke to withdraw a knowing and voluntary guilty plea was an abuse of discretion.

Next, Burke claims that the district court in determining his sentence used information in violation of his proffer agreement. Before this claim can succeed, Burke must demonstrate a factual basis for his claim by notifying the court of what specific information was obtained and used improperly;**6** yet, Burke fails to substantiate his allegation. Before Burke signed his proffer agreement, the FBI had investigated and gathered evidence of Burke's criminal conduct for over three years. Testimony by government agents showed that all the evidence used in determining Burke's relevant conduct came from the government's efforts before Burke's proffer. Our review of the record discloses that the district court did not use information provided by Burke which was undiscovered by the government at the time of Burke's proffer agreement.

Finally, Burke contends that the district court erred in imposing sentence by departing upward from the sentencing guidelines. Specifically, Burke claims that the court improperly used unconvicted criminal conduct in departing above the applicable sentencing guideline

_____

**5** Moore, 931 F.2d at 248.

**6** United States v. O'Brien, 853 F.2d 522, 527 (7th Cir. 1988).

range. We review decisions to depart from the sentencing guidelines for abuse of discretion.[7]

If a defendant's properly computed criminal history does not adequately reflect the seriousness of his past criminal conduct or the likelihood of his future criminal conduct, a court may depart upward.[8] Additionally, uncharged conduct or conduct underlying dismissed counts which are relevant conduct under U.S.S.G.§ 1B1.3 may be considered in determining a sentence.[9]  At sentencing, the evidence showed that Burke had been involved in multiple sophisticated international fraud schemes involving substantial sums of money for over fifteen years. Further, the court found the likelihood of Burke continuing his criminal activities after his release from prison was great. The extent of departure was reasonable. Therefore, the district court did not abuse its discretion by departing upward.

Accordingly, we affirm Burke's convictions and sentence. Additionally, we deny Burke's motion for bail. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[7] United States v. Koon, 518 U.S. ___, 64 U.S.L.W. 4512, 4516-17 (U.S. June 13, 1996) (Nos. 94-1664, 94-8842).
[8] U.S.S.G. § 4A1.3; United States v. Wilson, 913 F.2d 136, 138-39 (4th Cir. 1990).
[9] See United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994) (acts attributable to defendant under U.S.S.G. § 1B1.3(a)(1)).