**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                               No. 97-4519

MARK RICHMOND MCCOY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-97-30)

Submitted: April 30, 1998

Decided: February 10, 1999

Before WILKINS, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Thomas B. Murphy, Assis-
tant United States Attorney, Bryan J. Ng, Third Year Law Student,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Richmond McCoy appeals the sixty-month sentence he received after pleading guilty to making false statements to a financial institution. See 18 U.S.C.A. § 1014 (West Supp. 1998). He contends that the district court abused its discretion by departing upward above criminal history category VI under U.S. Sentencing Guidelines Manual ("USSG or Guidelines"), § 4A1.3, p.s. (Nov. 1995), and failing adequately to explain the extent of the departure. We affirm.

McCoy's 14 criminal history points placed him in category VI. With an offense level of 10, his guideline range was 24 to 30 months. At his sentencing hearing, the district court upwardly departed under USSG § 4A1.3 because it found that McCoy's criminal history did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes. Referring to McCoy's presentence report ("PSR"), the court noted that he had sixty-eight separate convictions for worthless checks, which only yielded three criminal history points as calculated in the PSR. The court then "hypothetically assign[ed] one criminal history point to each [worthless check] conviction"[1] for which McCoy had previously received a six-month sentence, increasing McCoy's criminal history points by 32 and resulting in 46 points. Beginning with McCoy's PSR-calculated offense level of 10 and criminal history category VI, the court moved down one offense level for each three criminal history points until a total of 46 criminal history points had been considered for departure. This methodology yielded an offense level of 21 with a criminal history category of VI. Because, however, the court considered "each intervening offense level" it found that "a criminal history category of VI with a corresponding offense level of 17 would adequately account for McCoy's past criminal record, and his propen-

_____

[1] Joint appendix ("J.A.") at 19-20.

2

sity for future criminality."**2** The court sentenced McCoy within that Guidelines range to 60 months incarceration. We have approved of departing above category VI by moving to successively higher offense levels. See United States v. Cash, 983 F.2d 558, 561 & n.6 (4th Cir. 1992).

We review McCoy's claim that the departure was unjustified for an abuse of discretion. See Koon v. United States , 518 U.S. 81, ___, 116 S. Ct. 2035, 2043 (1996). Under USSG § 4A1.3, departure is encouraged if the defendant's criminal history and likelihood that he will commit other crimes is over- or underrepresented. The district court found that category VI was not adequate because of the frequency and seriousness of McCoy's prior criminal conduct. We agree. McCoy, although only age twenty-eight at the time of his sentencing, had a ten year record of criminal conduct comprised primarily of fraud convictions with much of his criminal conduct effected while he was on supervised release, probation, or parole. His criminal history also revealed numerous instances of failure to appear in court. See United States v. Wilson, 913 F.2d 136, 138-39 (4th Cir. 1990) (upholding upward departure based upon defendant's fifty-five worthless checks convictions).

McCoy also contends that the district court failed to consider each successively higher offense level and make specific findings before proceeding to the next higher one. See Cash, 983 F.2d at 561-63; United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992). While the court did not make a specific finding concerning each higher offense level, its comments indicate that its intention was to comply with the dictates of Cash and Rusher, and that it considered the intervening offense levels inadequate to account for McCoy's past criminal conduct and likelihood of future criminal conduct. We find that remand for a more explicit statement from the court is unnecessary.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

**2** (J.A. at 20).

3