**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4370**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HELEN KENNEDY, a/k/a Helen Abdi,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Senior District Judge. (2:19-cr-00158-RBS-RJK-1)

Submitted: March 31, 2021                                Decided: April 23, 2021

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Andrew W. Grindrod, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Joseph Kosky, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Helen Kennedy pled guilty to five counts of wire fraud, in violation of 18 U.S.C. §§ 2, 1343, and was sentenced to 24 months of imprisonment. She appeals her sentence, contending that the district court erred in applying the vulnerable victim enhancement in U.S. Sentencing Guidelines Manual § 3A1.1(b)(1) (2018). We affirm.

"We review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. McManus*, 734 F.3d 315, 317 (4th Cir. 2013); *see United States v. Cline*, 986 F.3d 873, 880 (5th Cir. 2021) ("Whether a victim is unusually vulnerable is a factual finding that we review for clear error."). The Sentencing Guidelines allow for an upward adjustment in the defendant's offense level if a victim was "unusually vulnerable due to age, physical or mental condition, or . . . [was] otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1 cmt. n.2. Application of the enhancement entails a two-part inquiry: (1) "a sentencing court must determine that a victim was unusually vulnerable"; and (2) "the court must then assess whether the defendant knew or should have known of such unusual vulnerability." *United States v. Etoty*, 679 F.3d 292, 294 (4th Cir. 2012) (internal quotation marks omitted). "The enhancement thus requires a fact-based explanation of why . . . [a particular] characteristic made one or more victims unusually vulnerable to the offense conduct, and why the defendant knew or should have known of this unusual vulnerability." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018) (internal quotation marks omitted).

Kennedy argues that the district court erred by making a class-based determination that all Iranian nationals seeking immigration status in the United States were vulnerable

2

victims.  *See United States v. Kerley*, 544 F.3d 172, 180 (2d Cir. 2008) ("An inquiry into a victim's vulnerability must be individualized and must not be based on broad generalizations about victims based upon their membership in a class." (alteration and internal quotation marks omitted)).  However, the court's finding that Iranian nationals seeking immigration status in the United States constitute a particularly vulnerable subset of victims was not an impermissible basis for applying the enhancement.  *See, e.g.*, *United States v. Pierre*, 870 F.3d 845, 849 (8th Cir. 2017) (stating that vulnerable victim enhancement could apply where the same circumstance made a class of victims vulnerable); *United States v. Mendoza*, 262 F.3d 957, 960 (9th Cir. 2001) (finding that the application note for USSG § 3A1.1(b) "defines groups of vulnerable victims by class characteristics . . . . The example of a proper application in the note, marketing an ineffective cancer cure, treats the class of people with cancer as vulnerable" (footnote omitted)).

Moreover, the district court explained that the victims of Kennedy's fraudulent immigration business were particularly vulnerable because of their individual difficulties getting into or remaining in the United States.  *See United States v. Wilson*, 913 F.2d 136, 138 (4th Cir. 1990) (stating that to trigger USSG § 3A1.1(b), the vulnerability "must be an unusual vulnerability which is present in only some victims of that type of crime" (internal quotation marks omitted)).  The court determined that Kennedy knew or should have known of her victims' vulnerabilities because she catered to and spoke with them individually.  *See Mendoza*, 262 F.3d at 962 (stating that the knowledge requirement was

3

satisfied "because [the defendant] dealt with each victim personally"). We conclude that the district court did not err in applying the vulnerable victim enhancement.

We therefore affirm Kennedy's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*