**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles Lawrence PEARCE, Defendant–Appellant.**

No. 91–7118.

United States Court of Appeals, Tenth Circuit.

June 18, 1992.

Craig P. Bryant, Asst. Federal Public Defender, Tulsa, Okl., for defendant-appellant.

Paul G. Hess, Asst. U.S. Atty. (John Raley, U.S. Atty., with him on the brief), for plaintiff-appellee.

Before TACHA, SNEED,* and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Appellant Charles Pearce appeals the district court's determination of his sentence after he pled guilty to kidnapping in violation of 18 U.S.C. § 1201. On appeal, Pearce contends that the district court erred in calculating his base offense level, because it applied an upward adjustment for a "vulnerable victim." We exercise jurisdiction under 18 U.S.C. § 3742 and affirm.

The defendant escaped from the Jackie Brannon Correctional Center in McAlester, Oklahoma on February 21, 1991. After his escape, the defendant kidnapped a fifty-seven-year-old woman by holding a sharp object against her neck and forcing the woman into her car. The defendant told the woman that he was an escaped convict and that he needed her car. Shortly after the abduction, the defendant stopped the car on a remote road and sexually assaulted the woman. The defendant told the woman that he was "aroused [by] the sight of her having no breasts." After the sexual assault, the defendant released the victim in a remote area of Arkansas and turned himself in to authorities in Arkansas.

The defendant entered a plea of guilty to one count of kidnapping in violation of 18 U.S.C. § 1201. During sentencing, the district court adjusted the defendant's offense level upward by two levels, under § 3A1.1

---

* The Honorable Joseph T. Sneed, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

of the United States Sentencing Guidelines (U.S.S.G.), due to the unusual vulnerability of the victim.

 We will not overturn a district court's determination that the victim of a crime was "unusually vulnerable" under the Sentencing Guidelines unless the court's decision was clearly erroneous. *United States v. Smith*, 930 F.2d 1450, 1455 (10th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 225, 116 L.Ed.2d 182 (1991); *United States v. Creech*, 913 F.2d 780 (10th Cir.1990). Section 3A1.1 of the Sentencing Guidelines provides that "[i]f the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels." Application Note 1 further states that "[t]his adjustment applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant."

The government introduced evidence that the victim appeared elderly, weighed approximately ninety-seven pounds, and was less than five feet, three inches in height. In addition to showing that the victim was frail in stature, the government demonstrated that the victim was in a weakened physical condition because she had suffered a double mastectomy. Most importantly, the record reveals that during the course of the kidnapping, the defendant decided to sexually assault the victim. Section 3A1.1 requires an enhancement when a defendant "knows or should have known ... that a victim was ... susceptible to the criminal conduct." This language clearly encompasses cases in which a defendant—during the course of committing the offense for which he is convicted—targets the victim for related, additional "criminal conduct" because he knows that the victim's characteristics make the victim unusually vulnerable to that criminal conduct.

Here, the defendant's sexual assault of his victim was clearly "criminal conduct" related to the kidnapping offense. The defendant stated to the victim that her double mastectomy sexually aroused him. This statement standing alone justifies the enhancement. It demonstrates that the defendant selected and targeted this particular victim for the sexual assault because of unusual characteristics—her double mastectomy and her obvious weakened physical condition. Thus, we hold that an upward adjustment under § 3A1.1 to the defendant's sentence for violating 18 U.S.C. § 1201 is warranted based on his related, additional criminal conduct. The evidence clearly supports a finding that the victim's unusual vulnerability made her a prime target for the criminal conduct. The district court is AFFIRMED.