UNITED STATES COURT OF APPEALS
**Filed 7/17/96**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ADRIAN DEAN DUTCHIE,

      Defendant-Appellant.

No. 95-4052
(D.C. No. 92-CR-260)
(D. Utah)

ORDER AND JUDGMENT[*]

Before EBEL, BARRETT, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The defendant, Adrian Dean Dutchie, convicted of second-degree murder, appeals the district court's decision to make an upward adjustment of his sentence under United States Sentencing Guideline (U.S.S.G.) § 3A1.1, to reject a downward adjustment of his sentence based on Dutchie's fetal alcohol syndrome, and to make an upward departure from the Sentencing Guidelines based on U.S.S.G. § 4A1.3. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand for resentencing.

## Background.

Dutchie stabbed his seventy-year old grandmother to death at her home, apparently because she was teasing him, and pled guilty to second-degree murder for this offense. The presentence report determined Dutchie's base offense level was 33, based on the second-degree murder conviction, and calculated his criminal history score at category III. R. Vol. III at 12, 18. See U.S.S.G. §§ 2A1.2 and 4A1.1.

At sentencing, the district court, in accordance with recommendations in the presentence report, adjusted Dutchie's offense level upward two-levels based on the vulnerability of his victim pursuant to U.S.S.G. § 3A1.1. R. Vol. II at 35-36. The district court also departed upward from the Sentencing Guidelines based on U.S.S.G. § 4A1.3(d) and (e), in accordance with the recommendations in the presentence report, finding that criminal history category III significantly underrepresented the seriousness of Dutchie's past criminal conduct and the likelihood that he would commit other crimes. R. Vol. II at 38-39.

2

Dutchie requested a downward departure from the Sentencing Guidelines in his objections to the presentence report and at his sentencing hearing on the basis of medical reports that he has fetal alcohol syndrome, though he told the district court that the Guidelines did not provide for a departure based on this condition. R. Vol. I, Tab 67 at 2. The district court considered and rejected such a downward departure. R. Vol. II at 36-37.

Vulnerable Victim Adjustment.

Dutchie first argues that the district court erred in enhancing his sentence under U.S.S.G. § 3A1.1 on the ground that the victim in this case, his seventy-year old grandmother, was particularly vulnerable, noting that neither the presentencing report nor the district court made any individualized findings with respect to her vulnerability. The district court found that Dutchie's grandmother was vulnerable because of her age, stating that physical strength in seventy-year old women is likely to be significantly reduced. R. Vol. II at 35. The district court also found that Dutchie rendered his grandmother vulnerable by knocking her to the ground before getting the knife to stab her, and by continuing to stab her while she was still alive but no longer able to defend herself. Id. at 36.

We review the district court's factual determinations for application of the guidelines under the clearly erroneous standard. United States v. Pelliere, 57 F.3d 936, 940 (10th Cir. 1995). The district court's legal conclusions regarding the guidelines are subject to de novo review. United States v. Johnson, 42 F.3d 1312, 1320 (10th Cir. 1994), cert. denied, 115 S. Ct. 1439 (1995); but cf. Koon v. United States, Nos. 94-1664, 94-8842, 64 U.S.L.W. 4512,

3

1996 WL 315800, at *11-13 (U.S. June 13, 1996)(applying abuse of discretion to departure decisions).

Sentencing Guideline § 3A1.1 provides for a two-level upward adjustment to a defendant's offense level:

> If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct.

We have held that advanced age, without more, does not render a victim unusually vulnerable. United States v. Smith, 930 F.2d 1450, 1455 (10th Cir.), cert. denied, 502 U.S. 879 (1991). "In order to classify a victim as 'vulnerable,' the sentencing court must make particularized findings of vulnerability. The focus of the inquiry must be on the victim's personal or individual vulnerability." United States v. Brunson, 54 F.3d 673, 677 (10th Cir.), cert. denied, 116 S. Ct. 397 (1995)(quotations omitted). When enhancement is based solely on a victim's membership in the class of elderly persons, "the district court's finding [is] insufficient, as a matter of law, to justify the adjustment of appellant's offense level under § 3A1.1." Smith, 930 F.2d at 1455.

No evidence was presented here that the grandmother suffered from any particular weaknesses. As in Smith, the district court applied § 3A1.1 on the basis of the victim's elderly status without making the required analysis that she was particularly vulnerable based on individualized factors. See Smith, 930 F.2d at 1455. The district court's failure to make particularized findings as to the grandmother's unusual vulnerability was error.

4

The government argues the "vulnerable victim" adjustment can be upheld based on the district court's finding that Dutchie rendered his grandmother vulnerable by knocking her to the ground before his attack and continuing his attack after she was unable to defend herself. We are not persuaded. "The fact that [one is] victimized is insufficient, by itself, to show that [one is] especially vulnerable." Brunson, 54 F.3d at 677. "'The vulnerability that triggers § 3A1.1 must be an 'unusual' vulnerability which is present in only some victims of that type of crime. Otherwise, the defendant's choice of a likely victim does not show the extra measure of criminal depravity which § 3A1.1 intends to more severely punish.'" United States v. Creech, 913 F.2d 780, 782 (10th Cir. 1990)(quoting United States v. Moree, 897 F.2d 1329, 1335 (5th Cir. 1990)).

We have already noted the absence of any particularized findings that Dutchie's grandmother was unusually vulnerable because of her age or physical or mental condition. The manner in which Dutchie knocked down and repeatedly stabbed his victim does not, by itself, demonstrate that she possessed any unusual personal vulnerability or that she was more susceptible because of the manner of Dutchie's attack than would be any other victim of his stabbing. We conclude Dutchie's sentence was imposed using an incorrect application of § 3A1.1. Accordingly, because the district court's findings were inadequate to justify application of § 3A1.1, we remand this aspect of Dutchie's sentencing for further findings.

Downward Departure for Fetal Alcohol Syndrome

5

Dutchie next contends the district court erred by its failure to make a downward departure to his sentence pursuant to U.S.S.G. § 5H1.4 because he has fetal alcohol syndrome. Although Dutchie requested the sentencing court make a downward departure based on fetal alcohol syndrome, his contention that § 5H1.4 provides a basis for such a departure is raised for the first time on appeal. Indeed, his position before the sentencing court was that the Sentencing Guidelines contained no provision that took his fetal alcohol syndrome into account for sentencing purposes.

We agree with the government that we lack jurisdiction to review the district court's refusal to depart downward. "A discretionary refusal to depart downward is not reviewable by this court unless it appears from the record the sentencing court erroneously believed the Guidelines did not permit a downward departure." United States v. Nelson, 54 F.3d 1540, 1544 (10th Cir. 1995).

Dutchie contends that his representation to the district court that the Sentencing Guidelines did not provide for a downward departure for fetal alcohol syndrome, coupled with the court's failure to address whether § 5H1.4 would authorize such a departure, demonstrates that the court was not aware it had discretionary authority to depart downward. We disagree. "If the record is ambiguous concerning the district court's awareness of its discretion to depart downward, we presume the court was aware of its authority." Id. "[U]nless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision." United States v. Rodriguez,

6

30 F.3d 1318, 1319 (10th Cir. 1994).  The court's "failure to mention his discretion to depart downward does not imply a lack of understanding of that discretion.  We do not assume that silence indicates ignorance."  United States v. Rowen, 73 F.3d 1061, 1063 (10th Cir. 1996).

Here, the district court considered whether U.S.S.G. § 5K2.13 provided a basis for downward departure based on Dutchie's fetal alcohol syndrome, concluding it did not.  The district court was aware it had some discretion under the Sentencing Guidelines to make a downward departure.  Despite Dutchie's assertion that no guideline provision applied, the district court considered the possible application of § 5K2.13.  Moreover, in part because of Dutchie's fetal alcohol syndrome, the court decided not to make an upward departure under U.S.S.G. § 5K2.8, despite its finding that that section applied.  That it did not also address the potential application of § 5H1.4 is not evidence that the district court was unaware of its discretion to depart downward.  See Rowen, 73 F.3d at 1063.  Thus, we lack jurisdiction to review the district court's discretionary refusal to depart downward.

Upward Departure for Past Criminal History

Dutchie next contends the district court erred in making an upward departure under U.S.S.G. § 4A1.3 based on its finding that Dutchie's criminal history category did not adequately reflect the seriousness of his past criminal conduct.  The Supreme Court recently held that a district court's decision to depart from the Guidelines is to be reviewed under an abuse of discretion standard.  Koon, 1996 WL 315800, at *11-13.  Subject to the overriding requirement that we accord the district court's departure decision substantial deference, Koon

7

does not alter the three-tiered review process we apply in analyzing the propriety of a district court's decision to depart upward. First, we examine the record "to determine whether the district court properly identified the existence of appropriate circumstances warranting a departure." See  United States v. Okane, 52 F.3d 828, 831 (10th Cir. 1995)(citing United States v. White, 893 F.2d 276, 277 (10th Cir. 1990)). Second, we review the record for clear error to "'ascertain whether the circumstances cited by the district court to justify departure actually exist in the instant case.'" Id. (emphasis omitted)(quoting White, 893 F.2d at 278). Third, we assess "whether the degree of departure actually imposed by the district court was reasonable." Id. (citations omitted).

Sentencing Guideline § 4A1.3 permits the sentencing court to depart from the guidelines if the sentencing court has reliable information that defendant's criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. The section describes the type of information which may be considered, including the following, relied upon here by the district court:

> (d)  whether the defendant was pending trial or sentencing on another charge at the time of the instant offense; [or]
>
> (e)  prior similar adult criminal conduct not resulting in a criminal conviction.

The district court found, adopting the findings in the presentence report, that an upward departure was warranted under § 4A1.3 because of three incidents. First, Dutchie assaulted police officers several months prior to stabbing his grandmother. Dutchie failed

to appear at the assault trial and a bench warrant was issued for his arrest one month before he killed his grandmother. R. Vol. III at 18. The assault charges were dismissed after he was charged for the present offense. Id. at 19. Second, while in prison awaiting conviction and sentencing on the present offense, Dutchie sliced an inmate's neck with a razor blade knife known as a "shank." Dutchie admitted he was attempting to kill the inmate; nevertheless, the charges for this offense were dismissed when he pled guilty to his grandmother's murder. Id. at 19-20. Finally, at his sentencing hearing, Dutchie admitted to recent possession of a shank while in prison awaiting sentencing for his murder conviction. R. Vol. II at 8, 11. We conclude that the district court adequately articulated the circumstances for departure.

Dutchie does not dispute the factual bases for the court's upward departure, but contends that his past crimes do not fall within § 4A1.3(d) or (e). Contrary to his contention, the fact that a bench warrant had been issued and Dutchie was pending trial for his assault on the police officer when he killed his grandmother clearly is information properly considered by the district court under § 4A1.3(d). Furthermore, the district court properly considered Dutchie's attempted murder of a prisoner and his possession of a shank in prison under § 4A1.3. We have held that "[s]ubsequent criminal conduct involving the commission of similar offenses before sentencing . . . is a permissible basis for departing upwards in the criminal history category." United States v. Yates, 22 F.3d 981, 987 (10th Cir. 1994) (citing United States v. Fortenbury, 917 F.2d 477, 479 (10th Cir.1990)); see also United States v. Keys, 899 F.2d 983, 990 (10th Cir.)(holding that a prison disciplinary record is a valid

9

ground for an upward departure to the criminal history score), cert. denied, 498 U.S. 858 (1990); United States v. Archambault, 62 F.3d 995, 1001 (7th Cir. 1995)(applying § 4A1.3(e) in upholding upward departure where defendant continued to engage in the same criminal conduct while awaiting sentencing).

Finally, we review the reasonableness of the court's departure. To assess whether the degree of departure is reasonable, we must consider the justifications for departure and, among other factors, the seriousness of the offense; the need for deterrence; public protection; the sentencing pattern of the Guidelines; and the need to avoid sentencing disparities. White, 893 F.2d at 278. "When departing from the Guidelines, the court should look to the Guidelines for guidance in characterizing the seriousness of the aggravating circumstances to determine the proper degree of departure." United States v. Jackson, 921 F.2d 985, 990 (10th Cir. 1990)(en banc).

> Although formulas of mathematical exactitude are neither required nor possible, the district court should articulate the objective criteria used as a basis for determining the actual sentence imposed. In many instances, this will consist of an extension of or extrapolation from other guideline levels or principles, or use of an analogy to other closely related conduct or circumstances that are addressed by the guidelines.

Id. at 990-91 (quoting United States v. Gardner, 905 F.2d 1432, 1438 (10th Cir.), cert. denied, 498 U.S. 875 (1990)). We indicated in Jackson that "the career offender category . . . may provide the appropriate analogy in some cases." Id. at 993 (citing Gardner, 905 F.2d at 1437-39).

10

That is precisely what the district court did in this case. The district court considered the nature and extent of Dutchie's criminal history and concluded that if Dutchie's offenses were taken into account in the criminal history calculation, he would be classified as a career offender under U.S.S.G. § 4B1.1(a). Using this analogy, the district court determined his criminal history category would be a category VI, see U.S.S.G. § 4B1.1, and that his offense level should increase to the next higher offense level of 34. The district court's use of the career offender criminal history score as an analogy to determine the appropriate degree of departure was entirely reasonable, and his method of moving up the offense level after finding that an upward departure from criminal history category VI was warranted was proper under the Sentencing Guidelines. U.S.S.G. § 4A1.3, p.s.; Okane, 52 F.3d at 833-34 n.5.

The judgment of the United States District Court for the District of Utah is AFFIRMED as to the upward departure under U.S.S.G. § 4A1.3 and the determination not to make a downward departure, and is VACATED and REMANDED for resentencing as to

the vulnerable victim adjustment.

Entered for the Court


David M. Ebel
Circuit Judge