**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 1/22/97**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

      No. 95-3392

MURRAY F. HARDESTY,

      Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 95-20031-01)**

David Phillips, Federal Public Defender, (Michael L. Harris, Assistant Federal Public Defender, on the brief), Kansas City, Kansas

Kurt J. Shernuk, Assistant United States Attorney, (Jackie N. Williams, United States Attorney, with him on the brief), Kansas City, Kansas

Before **TACHA**, **Circuit Judge**, **BALDOCK**, **Circuit Judge, and MCWILLIAMS, Senior Circuit Judge.**

**McWILLIAMS, Senior Circuit Judge.**

The only issue in this appeal is whether the district court erred in increasing the

defendant's base offense level by 2 levels based on United States Sentencing Guideline §

3A1.1 (1994).[1]  Our study of the matter convinces us that the district court did not err in increasing the defendant's base offense level by 2 levels, and we affirm.

As will be developed, the defendant, pursuant to a plea bargain, pled guilty to 3 counts of an 11 count criminal indictment.  Based on the pre-sentence report, and the proffers of proof made at the time of sentencing, it appears that Murray F. Hardesty, an

_____

[1]U.S.S.G. § 3A1.1 provides as follows:

### § 3A1.1.  <u>Vulnerable Victim</u>

> If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels.

<em>Commentary</em>

*Application Notes*:

1. *This <u>adjustment applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant</u>.  The adjustment would apply, for example, in a fraud case where the defendant marketed an ineffective cancer cure or in a robbery where the defendant selected a handicapped victim.  But it would not apply in a case where the defendant sold fraudulent securities by mail to the general public and one of the victims happened to be senile.  Similarly, for example, a bank teller is not an unusually vulnerable victim solely by virtue of the teller's position in a bank. (emphasis added).*

attorney practicing in Topeka, Kansas, was the trustee of several trusts, including 2 trusts where Miriam Klugg and Lea Burgwin were the beneficiaries. The pre-sentence report indicates that from 1991 to 1993 Hardesty embezzled $2,100,000.00 from those 2 trusts, and from several other trusts, and that, in connection therewith, Hardesty, *inter alia,* submitted false reports to Klugg and Burgwin to cover the embezzlements. However, it was also agreed that as concerns each of these trusts, an attorney-client relationship existed long before any criminal conduct by Hardesty.

Based on his mishandling of the several trusts under his control, Hardesty was charged with various offenses in an 11 count indictment filed in the United States District Court for the District of Kansas. Specifically, in count 1 Hardesty was charged under 18 U.S.C. § 644 with embezzling assets from a pension fund which was entrusted to his care. In counts 2 through 5 Hardesty was charged with mail fraud, involving, *inter alia,* the misappropriation of funds from the Klugg and Burgwin trusts in violation of 18 U.S.C. § 1341. In counts 6 through 9 Hardesty was charged with money laundering in violation of 18 U.S.C. § 1957. In counts 10 and 11 Hardesty was charged with money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

Pursuant to a plea agreement, Hardesty pleaded guilty to counts 1, 5 and 9, and the remaining counts were dismissed. The matter was then referred to the Probation Department for a pre-sentence report. The pre-sentence report recommended that there be no increase in Hardesty's base offense level based on U.S.S.G. § 3A1.1. The

government filed an objection to that recommendation, and, at time of sentencing, a hearing was held on that objection. At the hearing, with the consent of both parties, the government and Hardesty made a proffer of what their evidence bearing on that particular matter would be, which proffers were accepted by the district court. The district court then held that the record justified a 2 level increase in Hardesty's base offense level under U.S.S.G. § 3A.1.1. The district court's findings and conclusion on this matter are set forth in Attachment A.

The factual findings on which a determination of victim vulnerability is based are reviewed under a clearly erroneous standard. *United States v. Brunson*, 54 F.3d 673, 676 (10th Cir. 1995), *cert. denied*, 116 S.Ct. 397 (1995). As we understand it, Hardesty's counsel in this appeal does not claim that the district court's findings of fact are not supported by the present record. Counsel does claim, however, that the district court's conclusion that Klugg and Burgwin were vulnerable victims under U.S.S.G. § 3A1.1 is a misunderstanding of the guideline and commentary, and that such is reviewed by us *de novo. United States v. Frazier,* 53 F.3d 1105 (10th Cir. 1995). In any event, our study of the matter leads us to conclude that the district court's findings of fact are supported by the record and that the district court did not err in concluding that under the U.S.S.G. § 3A1.1, Klugg and Burgwin were "vulnerable victims."

Hardesty's position in this court, as it was in the district court, is that under the commentary to U.S.S.G. § 3A1.1, Application note 1, the district court erred in enhancing

his base offense level since the district court made no finding that "a victim was specifically selected, or targeted, as a victim because of a particular vulnerability." Indeed, counsel argues here, as he did in the district court, that Hardesty's base offense level cannot be increased by 2 levels under U.S.S.G. § 3A1.1, unless the district court finds, which it did not, that the defendant was a "predator," virtually stalking his prey, and determining, to his own satisfaction, that his "prey" was a "vulnerable victim," before committing any criminal action against his prey. We do not agree.

We are here concerned, initially, with U.S.S.G. § 3A1.1, and not the commentary. As indicated, U.S.S.G. § 3A1.1 simply provides that a defendant's base offense level should be increased by 2 levels "[i]f the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct." Commentary to Sentencing Guidelines which interprets or explains a guideline is authoritive unless it violates the Constitution or a federal statute or is inconsistent with the guideline which it seeks to explain or is a plainly erroneous reading of the guideline itself. *Stinsen v. United States*, 508 U.S. 36 (1993). *See also United States v. Davis,* 60 F.3d 1479, 1485 (10th Cir. 1993), *cert. denied*, 116 S.Ct. 1829 (1996). We believe that the "targeting language" in the first sentence of Application note 1 is at odds with U.S.S.G. § 3A1.1.

We agree that at the inception of the relationship between Hardesty, Klugg and

Burgwin, the latter two were probably not "vulnerable victims." The two trusts here involved were set up years before Hardesty embezzled therefrom. However, in the ensuing years the physical and mental condition of Klugg and Burgwin deteriorated to the end that they became "vulnerable victims" during the years when Hardesty diverted their trust funds to his personal use. In this regard, it should be kept in mind that both Klugg and Burgwin were at the time of Hardesty's criminal acts about 90 years of age. We recognize that in *United States v. Lee,* 973 F.2d 832, 834-35 (10th Cir. 1992), we said that the fact that a victim was "elderly" would not, without more, support a "vulnerable victim" enhancement. We do not know from our opinion just how "elderly" the victims in *Lee* were. But here, as stated, they are both around 90 years of age. However, the district court in the instant case did not rely solely on age, but also found that because of "their medical and physical needs as they advanced in years, and their obvious inexperience in finances" they were "vulnerable victims" by the time Hardesty got around to embezzling their trust monies. The presentence report and the proffers of proof at the sentencing hearing support such findings and conclusions.

In support of our resolution of this appeal, the Ninth Circuit, recognizing that there was authority to the contrary, held that U.S.S.G. § 3A1.1 did not require a finding by a district court that the defendant "targeted" a vulnerable victim. *United States v. O'Brien,* 50 F.3d 751 (9th Cir. 1995). In so holding, the Ninth Circuit stated that "[t]he requirement [in the commentary] that the defendant must target the vulnerable victim is

inconsistent with the plain language of § 3A1.1, which only requires that the defendant 'should have known' that the victim was vulnerable." *Id.* at 755. To like effect, the Eleventh Circuit held that even though the defendants in that case did not initially know of their victims' vulnerabilities, the defendants still warranted enhancement under U.S.S.G. 3A1.1 because they later learned of such vulnerabilities "at some point during the loan fraud yet continued to perpetrate the fraud against victims whom they knew to be unusually vulnerable to the loan scheme." *United States v. Page*, 69 F.3d 482, 490 (11th Cir. 1995).

Further, we believe our resolution of the appeal is in general accord with Tenth Circuit cases considering U.S.S.G. § 3A1.1. In *United States v. Pearce*, 967 F.2d 434, 435 (10th Cir.), *cert. denied,* 506 U.S. 922 (1992), we held that a frail, older woman recently weakened by a double mastectomy who was targeted for a sexual assault was an unusually vulnerable victim. In *United States v. Lowder*, 5 F.3d 467, 471 (10th Cir. 1993), we held that a U.S.S.G. § 3A1.1 enhancement was proper on a finding that the victims were elderly, unsophisticated retirees who were fraudulently induced to invest their retirement funds in a phony investment scam. And in *Brunson,* 54 F.3d at 676, this court, after citing with approval both *Pearce* and *Lowder*, stated that "[a]s these cases indicate, 'vulnerable victims' are those who are in need of greater societal protection."

Our resolution of the present controversy is fortified by the fact that, effective November 1, 1995, the commentary to U.S.S.G. § 3A1.1 was altered by deleting the

following language appearing in its predecessor: "This adjustment applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the appellant." This is the same language relied on here by Hardesty. In this general connection, in *United States v. Saucedo,* 950 F.2d 1508, 1515 (10th Cir. 1991*),* where we were concerned with an amendment to the commentary to a guideline whose text had not been changed, we spoke as follows:

> Generally, when amendments merely clarify pre-existing guidelines, 'their retrospective application presents no ex post facto issue.' (citations omitted). Courts frequently consider clarifying amendments to discern the Sentencing Commission's intent as to application of the pre-amendment guideline. (citations omitted).

In sum, at the very least, Hardesty "should have known," if he didn't in fact know, that Klugg and Burgwin because of their age, physical and mental condition, and inexperience with financial matters were vulnerable victims.

Judgment affirmed.

## Attachment A

But in the instant case, the defendant was a lawyer, with special expertise in the tax law and estate planning, which included the creation and administration of trusts. He held himself out to the general public as a person specially qualified and competent in his field of expertise. While perhaps he did not make these two elderly persons specific targets of his criminal activity, he clearly knew or should have known, and this is out of the language of the guideline, that they were unusually vulnerable due to their age, the potential requirements of their medical and physical needs as they advanced in years, and their obvious inexperience in finances. They both lacked the background or ability to watch over their finances.

They most certainly relied on his expertise and had every reasonable expectation that he would fulfill his fiduciary duties and act in an honest, fair and candid manner in managing the trust estates for the purposes for which they were established.

The defendant's commission of these crimes whereby he provided his victims with false statements and diverted the trust assets for his own personal use and benefit was made much easier by the fact of these two victims' vulnerability due to their age and obvious inexperience in financial matters.

Now, they placed complete trust in Mr. Hardesty, and he took full advantage of them.

As I have indicated, whether he solicited them, in words of some of the cases that's used, in my opinion is not really all that material, and I find United States versus O'Brien, the reasoning of that case very, very persuasive.

Moreover, even though Mr. Hardesty may not have specifically sought out these victims and targeted them as such, he is a lawyer, had a right to select his clients. When they came to him, he could have turned them down or he could, as he did, agree to be their lawyer, their estate planner and their confidant. There were reciprocal undertakings in the attorney/clients relationship that developed.

Under all the facts before the Court, it may reasonably be inferred that these two victims fit perfectly into the accomplishment of Mr. Hardesty's nefarious scheme to defraud and make discovery of what was really happening to the trust moneys more difficult because of the victims' vulnerability, thus postponing the day when the scheme might be discovered and the day of reckoning come.

The Court finds and concludes by a preponderance of the evidence that the facts as outlined in the presentence investigation report, the letters for and on behalf of the victims, Mrs. Burgwin and Mrs. Klugg, and the proffered testimony presented here today, both by the Government and the defendant, that Mrs. Burgwin and Mrs. Klugg were and are vulnerable victims as contemplated by the United States Sentencing Guideline, Section 3A1.1, hence the offense level is increased two levels in accordance with that guideline.