# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-4028

_____

United States,                          *
                                        *
    Plaintiff/Appellee,                 *
                                        *   Appeal from the United States
           v.                        *   District Court for the
                                        *   District of South Dakota.
Harold Wayne Drapeau, also              *
known as Samples Drapeau,               *
                                        *
    Defendant/Appellant.                *


_____

Submitted: March 11, 1997

Filed: April 10, 1997

_____

Before MAGILL, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.


A jury found Harold Wayne Drapeau guilty of assault resulting in serious bodily injury to a one year old child. The district court[1] sentenced Drapeau to 63 months imprisonment. Drapeau appeals, arguing that there was insufficient evidence to support the guilty verdict and that the district court incorrectly applied the sentencing guidelines. We affirm.

Drapeau had a close relationship with the child's mother. He frequently stayed at the mother's home, and the mother sometimes left the child in Drapeau's care. On July 20, 1994, a neighbor

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

who was babysitting the child discovered bruises on the child's body and found that his testicle area was injured and swollen. The neighbor notified the police, and the child was taken to the hospital by the Child Protective Services that day. The examining doctor determined that the injury to the child's genitals had occurred within the past day. Evidence revealed that the child had been in Drapeau's care for at least one hour on July 19.

After a two and one half day trial, the jury found Drapeau guilty of assault resulting in serious bodily injury. The district court applied several enhancements to the offense level for the crime of conviction, including two levels for obstructing justice and two levels for a vulnerable victim. The court also determined that the criminal history category of II did not reflect the seriousness of Drapeau's behavior because it did not include his multiple convictions in tribal court for assault. The court therefore departed upward to category III, resulting in a sentencing range of 57 to 71 months instead of 51 to 63 months, and sentenced Drapeau to 63 months imprisonment. Drapeau argues on appeal that the enhancement under the vulnerable victim provision and the upward departure for the criminal history were improper.[2]

Drapeau claims there was not sufficient evidence to support the jury's verdict. On appeal the evidence must be interpreted in the light most favorable to the verdict and given all reasonable inferences that support it. United States v. Roach, 28 F.3d 729, 736 (8th Cir. 1994). There was evidence that Drapeau had hit the child on a number of occasions and that he disliked the child, in part because the child was the product of the mother's relationship with another man. One witness testified that she had seen Drapeau

---

[2]Drapeau does not contest on appeal the enhancement for obstruction of justice based on threats to potential witnesses.

-2-

slap the child; Drapeau acknowledged this incident. The mother said that whenever she left the child with Drapeau, the child would be bruised when she returned and that the child appeared frightened when Drapeau was present.  The mother also testified that she had left the child under Drapeau's care July 19, and that the child's scrotum was bruised when she returned.   When questioned by the police shortly after the injury, the mother had said that the child had fallen from his bed onto a milk crate, but at trial she testified that this is what Drapeau had told her and that she was afraid he would beat her if she were to say anything to anyone. The examining doctor testified that a severe injury such as the child suffered could not have been caused by a fall from a bed that was only 21 inches off the floor.  It was for the jury to resolve any conflicting testimony, and there was sufficient evidence to support its verdict.

The sentencing guidelines provide for an adjustment if the defendant knew the victim was "unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct." U.S. Sentencing Guidelines Manual § 3A1.1(b) (1995). The district court correctly noted that Drapeau knew the child was vulnerable because of his age.  As a one year old child, he did not have the physical ability to protect himself, and Drapeau knew that the child would not be able to identify him since the child could not talk and did not have the mental ability to identify him otherwise.  The district court did not err by applying the vulnerable victim provision.

Drapeau's challenge to the upward departure based on his criminal history is also without merit.  Drapeau had been convicted in tribal court four times for assault and battery and once for violence to a police officer.  The presentence investigation report (PSR) calculated his criminal history category as II based on his

state convictions, but also indicated that his tribal convictions could support an upward departure to category III. Although Drapeau claims he did not have sufficient notice of a possible departure, he had access to the PSR and he made specific objections to it. No other form of notice is required if the grounds for an upward departure are identified in the PSR. <u>United States v. Andrews</u>, 948 F.2d 448, 449 (8th Cir. 1991) (per curiam). The court appropriately applied an upward departure to reflect Drapeau's tribal offenses. These offenses were not factored into the calculation of criminal history category II, and the sentencing guidelines explicitly allow for an upward departure to reflect tribal offenses. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 4A1.3(a) (1995). In any event, any error in calculating the criminal history would be harmless because the court could have sentenced him to 63 months imprisonment even without this departure.

The judgment is affirmed.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.