**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 2 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

EVAN RAY TISSNOLTHTOS,

     Defendant - Appellant.

No. 96-2038

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-95-452-HB)**

---

Robert E. Kinney (Margaret A. Katze, on the brief), Federal Public Defender, Las Cruces, NM for the Defendant -Appellant.

Sharon R. Kimball (John J. Kelly, United States attorney with her on the brief), Assistant United States Attorney, Albuquerque, NM for Plaintiff - Appellee.

---

Before **LUCERO**, **LOGAN** and **MURPHY**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

Defendant, thirty-two years of age, assaulted his girlfriend with a piece of firewood. Harvey Marden, the girlfriend's seventy-one-year-old father, was in bed at the time. Hearing the assault, he rose from bed and attempted to intervene. Defendant threw the firewood at Mr. Marden, striking him in the face and putting out his right eye.

Defendant was charged in a three-count indictment with assault resulting in serious bodily injury, assault with a dangerous weapon with intent to do serious bodily harm, and assault with a dangerous weapon. He pleaded guilty to assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6), and the government agreed to dismiss the other two counts. In calculating defendant's total offense level, the district court added two points because Mr. Marden was a vulnerable victim, see USSG § 3A1.1(b), and four points for use of a dangerous weapon, see USSG § 2A2.2(b)(2)(B). The district court sentenced defendant to 60 months in prison. Defendant appeals. Our circuit precedent requires that we reverse and remand the vulnerable victim enhancement because the district court did not make particular findings as to the victim's unusual vulnerability. We affirm the district court's conclusion that the piece of firewood thrown at the victim qualifies as a dangerous weapon.

I.  Assaulting a Vulnerable Victim

Defendant objects to the district court's finding that the seventy-one-year-old victim was unusually vulnerable.  We review this factual finding for clear error.  United States v. Brunson, 54 F.3d 673, 676 (10th Cir.), cert. denied, 116 S. Ct.  397 (1995).

Section 3A1.1(b) of the Sentencing Guidelines allows a two-level enhancement "[i]f the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct."  This circuit has ruled that a victim's elderly status, without more, is insufficient to justify a vulnerable victim enhancement.  United States v. Smith, 930 F.2d 1450, 1455 (10th Cir. 1991).  "The label 'elderly,' like the label 'young,' is too vague, standing alone, to provide the basis for a finding of unusual victim vulnerability." Id.  "In order to classify a victim as 'vulnerable,' the sentencing court must make particularized findings of vulnerability.  The focus of the inquiry must be on the victim's personal or individual vulnerability."  Brunson, 54 F.3d at 676 (quotation and citation omitted).

In this case, the government did not present any evidence of the victim's individual or personal vulnerability.  The presentence report notes only that the victim was seventy-one years old at the time of the assault, and on that basis,

recommends the vulnerable victim enhancement. The amended presentence report adds that the victim "was particularly vulnerable due to his age, when one considers the defendant's age, health, and history of aggressive behavior."[1] Addendum to Presentence Report at 2. At the sentencing hearing, the district court found only that "considering the age of the defendant and the age of the victim, . . . it was a vulnerable victim." III R. at 7.

A comparison of the defendant's age with the victim's is an insufficiently particularized finding of the victim's vulnerability. As in Smith, the district court here did little more than "equate[] the victim's 'elderly' status with per se vulnerability." 930 F.2d at 1455. A finding that the victim is elderly is "insufficient, as a matter of law, to justify adjustment of appellant's offense level under § 3A1.1." Id.

The government urges us to uphold the vulnerable victim enhancement because the presentence report, adopted by the district court, contains additional facts about the defendant's age, health, and criminal record, all of which the probation officer relied upon in concluding that the victim was vulnerable. We agree that information about a defendant may be relevant in assessing a victim's vulnerability. See United States v. Coates, 996 F.2d 939, 942 (8th Cir. 1993)

---

[1]The presentence report documents that at the time of the offense defendant was 32 years old, in good health, 5 feet 8 inches tall, 180 pounds, and had a history of arrests for violent alcohol-related offenses.

(noting that vulnerable victim enhancement is permissible "in cases . . . where the defendant chose the particular victim for his age, his mental condition, [or] his physical stature compared to that of the defendant." (quotation omitted)); see also United States v. Hershkowitz, 968 F.2d 1503, 1506 (2d Cir. 1992) ("While the focus must remain on the victim's individual vulnerability, the totality of the circumstances, including the status of the victim and the nature of the crime, must be taken into account in determining the applicability of the vulnerable victim enhancement." (citation omitted)).  As a general rule, however, standard biographical information about a defendant cannot salvage a vulnerable victim enhancement when the only information known about the victim is his or her age. See Brunson, 54 F.3d at 676 (vulnerable victim enhancement requires a specific finding of the victim's particular vulnerability).

The government argues that a particularized finding of vulnerability should not be required for victims of violent crimes—that membership in a class of elderly persons should be enough in such cases to support enhancement.  Most of our prior cases have not involved victims of violent offenses.  See, e.g., United States v. Hardesty, 105 F.3d 558 (10th Cir. 1997) (ninety-year-old victims of embezzlement); Brunson, 54 F.3d 673 (scheme to defraud foreign business); United States v. Lowder, 5 F.3d 467 (10th Cir. 1993) (elderly victims of fraud); United States v. Lee, 973 F.2d 832 (10th Cir. 1992) (elderly victims of

embezzlement); Smith, 930 F.2d 1450 (elderly victim of automobile theft accomplished by trickery). In United States v. Pearce, 967 F.2d 434 (10th Cir. 1992), which involved an elderly victim of a kidnaping and sexual assault, we had no occasion to consider whether the victim's elderly status, standing alone, supported the vulnerable victim enhancement because there was sufficient additional evidence of the victim's vulnerability. See id. at 435 (detailing evidence of victim's frail and weakened physical condition).

We agree with the First Circuit that "[i]n some cases the inference to be drawn from the class characteristics may be so powerful that there can be little doubt about unusual vulnerability of class members within the meaning of section 3A1.1." United States v. Gill, 99 F.3d 484, 487 (1st Cir. 1996). For example, in United States v. Drapeau, 110 F.3d 618, 620 (8th Cir. 1997), the district court ruled that a one-year-old victim of assault resulting in serious bodily injury "was vulnerable because of his age." The Eighth Circuit affirmed, finding it obvious that a one-year-old child would not have the physical ability to protect himself or the verbal or mental skills to report the incident. See id. Likewise, the Guideline commentary suggests that class membership may be determinative in certain cases. See § 3A1.1, comment. (n.2) ("The adjustment would apply . . . in a robbery where the defendant selected a handicapped victim."). In the present case, however, the inference of vulnerability to be drawn from the assault victim's

age of seventy-one is not "so powerful that there can be little doubt," Gill, 99 F.3d at 487, as to the victim's unusual vulnerability. The enhancement in this case cannot stand without particular findings of the actual victim's unusual vulnerability. This comports with the holding in the unpublished case of United States v. Dutchie, No. 95-4052, 1996 WL 400220 (10th Cir. July 17, 1996) (reversing vulnerable victim enhancement for seventy-year-old victim of stabbing, where district court failed to make particularized findings as to the victim's vulnerability). Because the district court did not undertake the required analysis, we reverse the vulnerable victim enhancement and remand for the purpose of conducting this analysis.[2]

## II. Using a Dangerous Weapon

Defendant raises two challenges to the increase of his base offense level for use of a dangerous weapon. He argues that the firewood he threw at the victim should not be treated as a dangerous weapon under USSG § 2A2.2(b)(2)(B) because it is not inherently dangerous, and that the increase of his offense level for use of a dangerous weapon in the course of an aggravated assault amounts to impermissible double counting.

---

[2]Raising a second challenge to the vulnerable victim enhancement, defendant argues that the enhancement should only apply if he targeted the victim because of his vulnerability. This circuit recently decided, however, that the vulnerable victim enhancement does not require a finding the defendant targeted the victim because of his vulnerability. Hardesty, 105 F.3d at 560-61.

The Guidelines define "dangerous weapon" as "an instrument capable of inflicting death or serious bodily injury. Where an object that appeared to be a dangerous weapon was brandished, displayed, or possessed, treat the object as a dangerous weapon." USSG § 1B1.1, comment. (n.d). Based on this definition, there is no question that a piece of firewood qualifies as a dangerous weapon when it is used to inflict serious bodily injury, as it was in this case. See United States v. Dayea, 32 F.3d 1377, 1379 (9th Cir. 1994) ("[C]ourts have found that, in the proper circumstances, almost anything can count as a dangerous weapon, including walking sticks, leather straps, rakes, tennis shoes, rubber boots, dogs, rings, concrete curbs, clothes irons, and stink bombs.").

Next, defendant argues that even if the firewood qualifies as a dangerous weapon, the district court impermissibly double counted the weapon by relying upon it both to categorize the assault as an aggravated assault and to increase the base offense level. Here, we need not decide whether the Guidelines allow the district court to consider the dangerous weapon in both selecting and increasing the base offense level because the district court did not double count the weapon.

The Guidelines assign a fifteen-point base offense level for aggravated assault and a three or six point base offense level for minor assaults. USSG §§ 2A2.2, 2A2.3. An aggravated assault is a felonious assault that involves "(a) a dangerous weapon with intent to do bodily harm (i.e. not merely to frighten), or

(b) serious bodily injury, or (c) an intent to commit another felony." § 2A2.2, comment. (n.1). Here, the assault involved serious bodily injury. Defendant pleaded guilty to assault resulting in serious bodily injury and he has not challenged the finding in the presentence report that the victim in fact sustained a serious bodily injury. Thus, the Guidelines required the district court to treat the assault as aggravated, warranting a fifteen-point base offense level. That the assault also involved a dangerous weapon makes little difference because the assault was aggravated even without regard to the dangerous weapon. The district court did not double count the weapon by relying on it to increase defendant's base offense level four points.[3]

We REVERSE the vulnerable victim enhancement and REMAND for further proceedings consistent with this opinion. We AFFIRM on all other grounds.

---

[3]The aggravated assault Guideline requires that additional points be added to the base offense level if the assault involves certain "specific offense characteristics," such as more than minimal planning; brandishing, discharging, or otherwise using a weapon; or inflicting various degrees of bodily injury. § 2A2.2(b). In defendant's case, the district court added four points for "otherwise using a weapon," USSG § 2A2.2(b)(2)(B), and four more points because the victim sustained serious bodily injury, USSG § 2A2.2(b)(3)(B). We need not decide whether the district court impermissibly double counted the victim's serious bodily injury in using it to both select and increase the base offense level, because defendant has not raised that argument.