NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2012
Decided May 24, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-1252

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 11-CR-30106-MJR |
| TERRY L. BLAKELY, *Defendant-Appellant.* | Michael J. Reagan, *Judge.* |

**O R D E R**

When the mother of two of his children arrived at his house to pick up the kids, Terry Blakely pulled her inside and beat her with a folding chair and a tire iron. With the 3- and 7-year-olds watching, Blakely waved a loaded gun at their mother and told her, "[B]itch, I'm gonna kill you." The serial number on the gun Blakely waved had been removed, and, following indictment, Blakely pleaded guilty to one count of possession of a firearm with an obliterated serial number, 18 U.S.C. § 922(k). The district court imposed a 42-month prison sentence, a 75-percent increase over the high end of the 18- to 24-month imprisonment range calculated by the court.

Blakely filed a notice of appeal, but his appointed counsel has concluded that the appeal is frivolous and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738

(1967). Blakely opposes counsel's facially adequate submission. *See* CIR. R. 51(b). We limit our review to the potential issues that counsel and Blakely discuss. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Blakely has told counsel that he does not want his guilty plea set aside, so counsel properly forgoes discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel first considers arguing that Blakely's imprisonment range was miscalculated to his detriment but ultimately concludes that any appellate claim would be frivolous because, says counsel, the district judge applied the guidelines correctly. We agree that a challenge to the court's calculations would be frivolous, and not only because Blakely waived any claim of error when his attorney successfully urged the district court to overrule the prosecutor's objections at sentencing and adopt the probation officer's proposed calculations. *See United States v. Scott*, 657 F.3d 639, 640 (7th Cir. 2011); *United States v. Panice*, 598 F.3d 426, 433–34 (7th Cir. 2010).

More importantly, such a challenge would be frivolous because the district court's calculations are overly generous to Blakely. At a minimum, even assuming that the court applied the correct Chapter 2 guideline and adjustments, Blakely's total offense level is understated by 2. The court applied a base offense level of 12, U.S.S.G. § 2K2.1(a)(7), and added four levels—for a total of 16—because Blakely had used or possessed the gun "in connection with another felony offense," *see id.* § 2K2.1(b)(6)(B). From this the court subtracted 2 levels for acceptance of responsibility, *see id.* § 3E1.1(a), to arrive at a total offense level of 14. Yet § 2K2.1(b)(6) instructs that if this adjustment applies the offense level should be increased to 18 if "the resulting offense level is less than 18." With a proper increase to 18 and a 2-level reduction for acceptance of responsibility (the prosecutor ruled out a third level, *see id.* § 3E1.1(b)), Blakely's total offense level would have been 16, and his guidelines imprisonment range would have been 24 to 30 months, not 18 to 24.

But that appears to be the smaller understatement of the guidelines range. At sentencing the district court rejected the government's proposal to apply the cross-reference in § 2K2.1(c)(1)(A) and utilize § 2A2.2, the Chapter 2 offense guideline for aggravated assault. The parties agreed that § 2A2.2 would yield a greater offense level and should be applied if Blakely's conduct constituted an aggravated assault, *see id.* §§ 2K2.1(c)(1)(A), 2X1.1(a), but they disputed whether Blakely's attack could be characterized as "aggravated." Section 2A2.2 defines aggravated assault as a "felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (*i.e.*, not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony." *Id.* § 2A2.2, cmt. n.1. The district court concluded that Blakely had not intended to use the *gun* to cause bodily injury, and that the victim had not suffered injuries that could be described

as "serious." Even so, those conclusions overlook that Blakely did use the *chair* and the *tire iron* to inflict bodily harm, and both objects were dangerous weapons in Blakely's hands. The application notes to § 2A2.2 specifically define chairs as dangerous weapons when used to cause bodily injury, *id*. § 2A2.2, cmt. n.1; *see United States v. Williams*, 954 F.2d 204, 206 (4th Cir. 1992), and courts have frequently found to be dangerous weapons objects that pose a similar or lesser risk of injury than a tire iron. *See United States v. Bogan*, 267 F.3d 614, 623–24 (7th Cir. 2001) (clothes iron); *United States v. Sorenson*, 58 F.3d 1154, 1160 (7th Cir. 1995) (concrete block); *United States v. Tolbert*, 668 F.3d 798, 803 (6th Cir. 2012) (plastic water pitcher); *United States v. Serrata*, 425 F.3d 886, 910 (10th Cir. 2005) (boots); *United States v. Tissnolthtos*, 115 F.3d 759, 763 (10th Cir. 1997) (piece of firewood); *United States v. Park*, 988 F.2d 107, 110 (11th Cir. 1993) (metal pipe); *cf. United States v. Matchopatow*, 259 F.3d 847, 849–50 (describing murder in which defendant killed victim by striking her in head with tire iron).

Applying the aggravated-assault guideline conservatively, the court should have started with a base offense level of 14, U.S.S.G. § 2A2.2(a), added 4 levels for use of a dangerous weapon, *see id*. § 2A2.2(b)(2)(B); *Bogan*, 267 F.3d at 624, added 3 levels because the victim sustained bodily injury, *see id*. § 2A2.2(b)(3)(A); *United States v. Dorvee*, 616 F.3d 174, 187 n.12 (2d Cir. 2010); added 2 levels because Blakely violated an order of protection during the altercation, *see id*. § 2A2.2(b)(5); *United States v. Azure*, 571 F.3d 769, 771 (8th Cir. 2009), and then subtracted 2 levels for acceptance of responsibility, *id*. § 3E1.1(a). With a total offense level of 21 and a criminal history category of II, Blakely's guidelines imprisonment range would have been 41 to 51 months, placing the sentence he received at the low end of his guidelines range.

But even treating Blakely's sentence as above the guidelines range, we agree with counsel that a challenge to its reasonableness would be frivolous. We would uphold an above-range sentence so long as the district court applied the factors in 18 U.S.C. § 3553(a) and adequately explained the penalty. *See United States v. Hill*, 645 F.3d 900, 911 (7th Cir. 2011); *United States v. Courtland*, 642 F.3d 545, 550–51 (7th Cir. 2011). In this case the court reasonably determined that Blakely's criminal-history category underrepresents the seriousness of his criminal history, given his 16 misdemeanor convictions that did not earn him any criminal-history points. *See* U.S.S.G. § 4A1.3(a)(1); *United States v. Jackson*, 547 F.3d 786, 789–90, 793 (7th Cir. 2008); *United States v. Valle*, 458 F.3d 652, 654, 657–58 (7th Cir. 2006). The court also emphasized the heinous circumstances of the offense, *see* 18 U.S.C. § 3553(a)(1), noting that Blakely violated a restraining order and brandished a loaded weapon in front of his children.

In his Rule 51(b) response, Blakely proposes to challenge the district court's factual findings regarding the extent of his altercation with his children's mother, but we would

find such a challenge frivolous. Blakely, who did not testify at sentencing, presented no evidence to counteract the victim's testimony, which the court found credible. And he has given us no reason to disturb that credibility assessment, particularly given our deferential review of such determinations. *See United States v. Etchin*, 614 F.3d 726, 738 (7th Cir. 2010), *cert. denied*, *Cole v. United States*, 131 S. Ct. 953 (2011); *United States v. Acosta*, 534 F.3d 574, 584 (7th Cir. 2008).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.