**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DENNIS EARL WILLIAMS,

    Defendant - Appellant.

No. 01-5031

(D.C. No. 00-CR-56-BU)

(N.D. Okla.)

---

**ORDER AND JUDGMENT***

---

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Mr. Williams pled guilty to three counts of a thirteen-count mail fraud indictment on June 16, 2000, and was sentenced on February 7, 2001, to forty-six months on each of the three counts, with the sentences to run concurrently. Mr.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Williams was also placed upon supervised release for three years and ordered to pay $413,790.74 in restitution. The district court based Mr. Williams' sentence on the United States Sentencing Commission Guidelines. On appeal, Mr. Williams challenges the district court's findings that his victims qualified as vulnerable victims under Guidelines Section 3A1.1(b) and that Mr. Williams abused a position of trust under Guidelines Section 3B1.3. Each finding resulted in a two point enhancement under the Guidelines. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Mr. Williams advertised and solicited clients for whom he prepared living trusts. While reviewing his clients' finances, Mr. Williams informed the clients that they were receiving an inadequate return on their investments. Mr. Williams promised that as an agent of Zenith Investment Group he could guarantee a minimum 7 1/2% return on all money invested. As clients "invested," Mr. Williams mailed confirmation letters, monthly interest payment checks, and account statements to convince his clients that their investments in Zenith were secure. Convinced of the investment's security and profitability, many clients made additional investments in Zenith at Mr. Williams' behest. Unfortunately, Zenith did not exist; instead, Mr. Williams appropriated nearly all of the invested funds for his personal use.

On appeal, Mr. Williams first challenges the district court's two point

enhancement for vulnerable victims pursuant to USSG § 3A1.1(b), which reads, "If the Defendant knew or should have known that a victim was a vulnerable victim, increase by 2 levels." We apply a de novo standard of review in questions of interpretation and application of the Guidelines. See United States v. Hershberger, 962 F.2d 1548, 1550 (10th Cir. 1992). The district court's factual findings underlying a vulnerable victim enhancement are reviewed under a clearly erroneous standard. See United States v. Tissnolthtos, 115 F.3d 759, 761 (10th Cir. 1997).

The Guidelines provide that "[a] victim's elderly status, without more, is insufficient to justify a vulnerable victim enhancement." Id. at 761. "In order to classify a victim as 'vulnerable,' 'the sentencing court must make particularized findings of vulnerability.'" United States v. Brunson, 54 F.3d 673, 676 (10th Cir. 1995) (citation omitted). Additionally, "[t]he focus of the inquiry must be on the 'victim's personal or individual vulnerability.'" Id. (citation omitted). Only one vulnerable victim is required to justify the application of a vulnerable victim enhancement. See United States v. Pearce, 967 F.2d 434, 435 (10th Cir. 1992).

Mr. Williams argues that there is no evidence of vulnerability other than the age of the victims and that the district court failed to make specific findings as to vulnerability. See Appellant Brief at 10-12. The district court found that at least five of Mr. Williams' victims qualified as vulnerable victims under the

Guidelines, because the victims "were elderly and unexperienced concerning investment matters." Appellee Appendix at 95. The victims also "lacked sophisticated financial knowledge," and Mr. Williams was aware of his victims' financial condition in his role as their trust advisor. Id. The district court based its findings on the presentence report and testimony of the victims' family members. We cannot say that these findings were clearly erroneous.

This court has previously held that a vulnerable victim enhancement is proper in cases where "the victims were elderly, unsophisticated retirees who were fraudulently induced to invest their retirement funds in a phony investment scam." Brunson, 54 F.3d at 676; see also United States v. Lowder, 5 F.3d 467, 472 (10th Cir. 1993). The district court correctly found that Mr. Williams' victims were vulnerable victims under Section 3A1.1(b)(1) of the Guidelines.

Mr. Williams next argues that the district court incorrectly applied the abuse of trust enhancement to his sentence. The district court's findings concerning the abuse of trust enhancement are subject to the same level of review as the vulnerable victim enhancement. Section 3B1.3 of the Guidelines provides, "If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels."

Mr. Williams argues that the trust created between himself and the victims

resulted from "his personality or the victims' credulity," rather than the position Mr. Williams occupied. Appellant brief at 15, 17. Our decision in United States v. Queen, 4 F.3d 925 (10th Cir. 1993), is instructive. In Queen, we upheld an abuse of trust enhancement because the defendant falsely represented "that investors' money would be used to purchase precious metals and currencies." Id. at 926. Similar to Mr. Williams' scam, the funds were not invested and the defendant sent "false profit statements to its investors." Id.

Like Queen, Mr. Williams "held himself out to be at least the equivalent of an investment advisor/broker and he provided objective indicia to his victims that he was occupying such a role." Id. at 929. More egregiously, Mr. Williams became aware of his victims' financial status in his role as their trust advisor. The district court's determination that Mr. Williams occupied a position of trust is not clearly erroneous, and the district court correctly enhanced Mr. Williams' sentence.

The record supports the district court's findings of fact; and its decision to enhance Mr. Williams' sentence based on the vulnerability of his victims and his abuse of a position of trust was correct. As a result, we **AFFIRM** the district court's decision.

Entered for the Court

Monroe G. McKay
Circuit Judge

-5-